IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | CIVIL ACTION NO.: |
| WAL-MART STORES, INC., | ) ) ) ) | |
| Defendant. | ) ) ) ) | COMPLAINT<br>JURY TRIAL DEMAND<br>INJUNCTIVE RELIEF SOUGHT |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Linda Gliotti, Virginia Rylance, and any other similarly situated individuals who were adversely affected by such practices. As stated with greater particularity in paragraph 7 below, the United States Equal Employment Opportunity Commission alleges that Linda Gliotti, Virginia Rylance and other similarly situated individuals were subjected to sexual harassment by Defendant's Grocery Manager. The conduct was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment. The Commission further alleges that, as a result of the hostile environment, the conditions of Virginia Rylance's employment were so intolerable that she was forced to resign.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

3.  Plaintiff, the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant, Wal-Mart Stores, Inc. (the "Employer"), has continuously been an Arkansas corporation doing business in the State of Florida and the City of Bradenton, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Linda Gloitti and Virginia Rylance each filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least April, 2001, Defendant Employer has engaged in unlawful employment practices at its Bradenton, Florida store, in violation of Section 703(a) of Title VII and 42 U.S.C. § 2000e-2(a).

    a. Linda Gliotti was subjected to sexual harassment by Defendant's Grocery Manager in the form of unwelcome physical and verbal conduct of a sexual nature which was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment. The harassment included, but was not limited to, touching, grabbing and fondling of her breasts and vagina; sexually suggestive comments; requests for sex; simulation of masturbation by Defendant's Grocery Manager, and the exposure of his penis.

    b. Defendant Employer is liable for the unlawful sexual harassment to which it subjected Linda Gliotti during her employment.

    c. Virginia Rylance was subjected to sexual harassment by Defendant's Grocery Manager in the form of unwelcome physical and verbal conduct of a sexual nature which was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment. The harassment included, but was not limited to, touching, grabbing and fondling of her buttocks and vagina; sexually suggestive comments; requests for sex; and the simulation of masturbation by Defendant's Grocery Manager while grabbing his erect penis.

    d. Defendant Employer is liable for the unlawful sexual harassment to which it subjected Virginia Rylance during her employment.

    e. On or about January 12, 2003, Virginia Rylance was forced to resign her position

        because the conditions of her employment were so intolerable that a reasonable person subjected to the same or similar conduct would have been compelled to resign.

    f.    Other similarly situated female employees of the Defendant Employer were subjected to sexual harassment by Defendant's Grocery Manager in the form of unwelcome physical and verbal conduct of a sexual nature which was sufficiently severe and pervasive to constitute an intimidating, hostile and offensive work environment. Defendant Employer is liable for the unlawful sexual harassment to which it subjected other similarly situated females to during their employment.

8.    The effect of the conduct complained of in paragraph 7 above has been to deprive Linda Gliotti and Virginia Rylance and other similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees on the basis of sex.

9.    The unlawful employment practices complained of in paragraph 7 above were intentional.

10.    The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Linda Gliotti and Virginia Rylance and other similarly situated individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, or any other employment practice which discriminates on the basis of sex.

B.  Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for all its employees regardless of sex, and which eradicate the effects of its past unlawful employment practices.

C.  Order Defendant Employer to make whole Virginia Rylance and any other similarly situated individuals by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, reinstatement, rightful place promotion, job search expenses and/or front pay.

D.  Order Defendant Employer to make whole Linda Gliotti, Virginia Rylance and any other similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above including, but not limited to, medical expenses and out of pocket losses, in amounts to be determined at trial.

E.  Order Defendant Employer to make whole Linda Gliotti, Virginia Rylance, and any other similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above including, but not limited to, emotional pain, suffering, humiliation, inconvenience, loss of enjoyment of life, in amounts to be determined at trial.

F.  Order Defendant Employer to pay Linda Gliotti, Virginia Rylance and any other similarly situated individuals punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

                                          Respectfully Submitted,

ERIC S. DRIEBAND
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DELNER FRANKLIN-THOMAS
Regional Attorney

MICHAEL J. FARRELL
Supervisory Trial Attorney

s/ Kenneth L. Gillespie
KENNETH L. GILLESPIE
Trial Attorney
Florida Bar. No. 0083054
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
MIAMI DISTRICT OFFICE
One Biscayne Tower
2 South Biscayne Boulevard
Suite 2700
Miami, Florida 33131
Phone: (305) 530-6006
Fax: (305) 536-4494
E-mail: kenneth.gillespie@eeoc.gov