**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES EQUAL**
**EMPLOYMENT OPPORTUNITY**
**COMMISSION,**

      **Plaintiff,**

**v.**                                                          **Case No.: 8:04-cv-1862-T-23MSS**

**WAL-MART STORES, INC.,**

      **Defendant.**
_____/

<u>**ORDER**</u>

This is before the Court for consideration of Defendant's Motion to Compel Independent Mental Examinations of Claimants Virginia Rylance and Linda Gliotti and Motion to Extend Time for Submission of Expert Report (Dkt. 37) and Plaintiff's response in opposition thereto (Dkt. 38).

The Equal Employment Opportunity Commission ("EEOC") filed this lawsuit on August 12, 2004, to correct Wal-Mart's alleged unlawful employment practices on the basis of sex, and to provide appropriate relief to the named individuals in this case, Ms. Virginia Rylance and Ms. Linda Gliotti.  On December 3, 2004, the parties submitted their joint Case Management Report (Dkt. 9).  On October 28, 2004, the District Judge entered his Case Management and Scheduling Order for this case, adopting the deadlines proposed by the parties unless otherwise noted (Dkt. 10). The Case Management and Scheduling Order sets the date for expert disclosures and exchange of initial expert reports for August 31, 2005.  Rebuttal expert witness identification and exchange of rebuttal expert reports was

1

set for September 30, 2005,  and discovery cut-off set  for October 31, 2005.  The Pre-trial conference in this case is scheduled for February 9, 2006.  Trial of this action is currently set for the March 6, 2006, trial term.

Defendant asks the Court to compel the independent medical examinations ("IMEs") of Ms. Rylance and Ms. Gliotti before Dr. Barbara Stein, M.D., P.A., so that the "existence, nature, severity, and extent of the mental injuries that [the EEOC] claims Ms. Rylance and Ms. Gliotti suffered" as a result of Wal-Mart's alleged actions can be determined (Dkt. 37 at 1).  Defendant claims that it began as early as August 2005 to discuss scheduling the IMEs with Plaintiff's counsel and continued these discussions until Plaintiff's counsel agreed on November 3, 2005, that Ms. Rylance and Ms. Gliotti would undergo the IMEs on January 4 and 5, 2005.  Defendant informs the Court that despite this agreement, Plaintiff's counsel changed her position on the IMEs on November 14, 2005, informing Defendant that the prior agreement to produce Ms. Rylance and Ms. Gliotti for the IMEs was withdrawn.  Defendant further informs the Court that although discovery in this case officially closed on October 31, 2005, the parties have been engaging in continued discovery by mutual consent and Court approval, including Plaintiff taking the depositions of key Wal-Mart personnel in November 2005 and early January 2006.  Finally, Defendant asks the Court to extend the time for submission of expert reports "until a reasonable period of time following the examinations" (Dkt. 37 at 2).

Plaintiff's counsel claims that Defendant did not comply with the Court's deadlines imposed in the Case Management and Scheduling Order when it failed to designate Dr. Stein as an expert in this case by the August 31, 2005, deadline for expert disclosure. Plaintiff's counsel further claims that Defendant's Motion to Compel should be denied

2

because granting Defendant's Motion would necessitate altering this case's pre-trial and trial deadlines. Plaintiff's counsel disagrees with Defendant's account of the IME discussions as set forth in its Motion. Specifically, Plaintiff's counsel states that the EEOC "does not have any record or recollection" of engaging in IME discussions with Defendant's counsel prior to October 10, 2005.

Upon review of Defendant's Motion and Plaintiff's response, the Undersigned finds that Defendant has shown the good cause necessary for the Court to order that Plaintiff's counsel produce Ms. Rylance and Ms. Gliotti for the scheduled IMEs. Plaintiff's counsel previously agreed to produce them for IMEs and thus, the arguments against participating in the IMEs presented are not substantive, but rather are based entirely on strict compliance with Case Management and Scheduling deadlines. Plaintiff's new found desire to strictly enforce the Case Management and Scheduling deadlines in this case is disingenuous, especially when it appears that Plaintiff's actions contributed to the delay in scheduling the IMEs at issue. The Court does note that Plaintiff is correct that Defendant did not specifically designate Dr. Stein as an expert in this case by August 31, 2005; however, Defendant's failure to do so is not overly prejudicial to Plaintiff at this point in the litigation. In light of the above, and with agreement from the District Judge, it is **ORDERED** that:

1. Ms. Rylance and Ms. Gliotti shall appear for their IMEs as scheduled for January 4 and 5, 2006, before Dr. Stein. If these dates are no longer available, Defendant shall schedule the IMEs no later than January 31, 2006;

2. Expert report submissions are due no later than thirty days thereafter, with rebuttal witness identification and rebuttal expert reports due no later than

3

fifteen days following the submission of the expert reports;

3.      The pre-trial conference in this case is now rescheduled for April 3, 2006;

4.      This case is rescheduled for trial during the May 1, 2006, trial term; and,

5.      The parties shall bear their own costs and fees associated with the bringing

of this motion.

**DONE and ORDERED** in Tampa, Florida on this 30th day of December 2005.

_____

MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record