UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                        CASE NO: 8:04-cv-1862-T-23MSS

WAL-MART STORES, INC.,

    Defendant.
_____/

## ORDER

The EEOC moves (Doc. 62) for approval of a consent decree, which is nearly identical to a proposed consent decree rejected by a June 13, 2006, order (Doc. 59). Specifically, the consent decree's "General Provisions" (Doc. 62-2 at 2) are a slavish iteration of those rejected earlier (Doc. 58 at 3). The proposed consent decree (Doc. 62-2) contains, once again, an unenforceable "obey the law" injunction. See SEC v. Smyth, 420 F.3d 1225, 1233 n.14 (11th Cir. 2005); American Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1412 (11th Cir. 1998) (holding that a district court may not simply order a party to "obey the law"). Specifically, the proposed consent decree (Doc. 62-2) provides that "Defendant, its officers, and employees, are enjoined from engaging in conduct at Store No. 528 in Bradenton, Florida which is found to be unlawful sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended" (Doc. 62-2 at 2).

    "[A]ppellate courts will not countenance injunctions that merely require someone to 'obey the law.'" Hughey v. JMS Development Corporation, 78 F.3d 1523, 1531 (11th

Cir. 1996) (quoting Payne v. Travenol Laboratories, Inc., 565 F.2d 895, 897-98 (5th Cir. 1974)); Daniels v. Woodbury Cty., Iowa, 742 F.2d 1128, 1134 (8th Cir. 1984) ("[A]n injunction which does little or nothing more than order the defendants to obey the law is not specific enough."). As submitted, the consent decree (Doc. 62) permits the EEOC to assert any future sexual harassment action under Title VII against the defendant by the expedient of filing a motion to enforce the consent decree, thereby circumventing important procedural, jurisdictional, and constitutional requirements. See Chandler v. James, 180 F.3d 1254 (11th Cir. 1999) (Tjoflat, J., concurring).

"A person enjoined by court order should only be required to look within the four corners of the injunction to determine what he must do or refrain from doing." Hughey v. JMS Development Corporation, 78 F.3d 1523, 1532 n.12 (11th Cir. 1996). Articulating the standard of specificity that every injunctive order must satisfy, Rule 65(d), Federal Rules of Civil Procedure, provides that "[e]very order granting an injunction shall set forth reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained . . . ." Fed. R. Civ. P. 65(d). The EEOC's proposed consent decree, which seeks to enjoin the defendant from "engaging in conduct . . . which is found to be unlawful sexual harassment in violation of Title VII of the Civil Rights Act of 1964" (Doc. 62-2 at 2), constitutes a pervasive prohibition against inadequately specified conduct, which prohibition fails to satisfy the requirement that "an ordinary person reading the court's order should be able to ascertain from the document itself exactly what conduct is proscribed." Hughey, 78 F.3d at 1531 (quoting 11A Wright, Miller & Mary Kay Kane, Federal Practice and Procedure § 2955 (1995)).

In addition to providing the defendant with "fair and precisely drawn notice of what the injunction actually prohibits," Epstein Family Partnership v. Kmart Corp., 13 F.3d 762, 771 (3d Cir. 1994), the specificity requirement serves another vital function. Unless a district court's injunctive order delineates the precise bounds of compliance, "it is impossible for an appellate tribunal to know precisely what it is reviewing." Hughey v. JMS Development Corporation, 78 F.3d 1523, 1531 (11th Cir. 1996) ("In the absence of specific injunctive relief, informed and intelligent appellate review is greatly complicated, if not made impossible."). See Schmidt v. Lessard, 414 U.S. 473, 476 (1974).

Finally, the "obey the law" provision of the proposed consent decree is unenforceable. Every injunction must contain only "an operative command capable of 'enforcement.'" Longshoremen's Ass'n v. Marine Trade Ass'n, 389 U.S. 64, 73-74 (1967). Because of the possibility of contempt, an injunction "must be tailored to remedy the specific harms shown rather than enjoin all possible breaches of the law." Epstein Family Partnership v. Kmart Corp., 13 F.3d 762, 771 (3d Cir. 1994). Because a defendant may simply ignore or defy an unenforceable decree without fear of contempt, the EEOC's proposed decree serves no legitimate purpose.[*] Fla. Ass'n of Rehab. Facilities, Inc. V. Fla. Dep't of Health and Rehab. Servs., 225 F.3d 1208, 1223 (11th Cir. 2000) ("The preliminary injunction in this case differs little from an 'obey the law' order

---

[*] In addition to violating procedural and equitable principles, an injunction enforceable only by punitive or compensatory sanctions may also violate the constitutional principle of separation of powers. See Chandler v. James, 180 F.3d 1254, 1273 (11th Cir. 1999) (Tjoflat, J., concurring) ("[When a party seeks an injunction to create criminal and/or civil liability via the court's contempt powers, rather than to coerce an adverse party into taking an action required of it, that party is using the legal device of an injunction for a purpose for which it was not designed . . . and intrudes into areas constitutionally reserved for the legislative and executive branches.").

because it fails to identify with adequate detail and precision how Defendants are to perform such critical obligations as 'adequately reimbursing providers of care' and 'complying with the substantive requirements of the Medicaid Act.'"); <u>Burton v. City of Belle Glade</u>, 178 F.3d 1175, 1202 (11th Cir. 1999) (denying as too broad the appellants' request for an injunction that "would do no more than instruct the City to 'obey the law'").

In sum, the EEOC's proposed "obey the law" injunction vaguely prohibits all future statutory violations but fails to describe or specify any prohibited conduct.  As a result, the proposed injunction fails to provide adequate notice to the defendant of the prohibited conduct, presents this court with no "operative command" capable of enforcement, and prospectively frustrates the circuit court's appellate review of this court's adoption of and enforcement of the injunction.  See <u>American Red Cross v. Palm Beach Blood Bank, Inc.</u>, 143 F.3d 1407, 1412 (11th Cir. 1998); <u>Hughey v. JMS Development Corporation</u>, 78 F.3d 1523, 1531 (11th Cir. 1996).  Accordingly, the EEOC's motion (Doc. 62) for approval of the consent decree is **DENIED**.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE