UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff,

v.

WAL-MART STORES, INC.,

      Defendant.
_____/

CIVIL ACTION NO.
8:04-cv-1862-T-23MSS

## SECOND JOINT MOTION FOR APPROVAL OF CONSENT DECREE

Pursuant to Federal Rule of Civil Procedure 7(b)(1) and Local Rule 3.01, Plaintiff, the United States Equal Employment Opportunity Commission, ("EEOC" or "Commission") and Defendant Wal-Mart Stores, Inc. ("Wal-Mart" or "Defendant") hereby respectfully submit this Second Joint Motion For Approval of Consent Decree. As grounds for the motion, the parties state as follows:

1. On August 12, 2004, EEOC initiated this action by filing its Complaint in the United States District Court for the Middle District of Florida, Tampa Division, based upon charges filed by Virginia Rylance and Linda Gliotti. EEOC's Complaint alleged that Defendant violated Title VII of the Civil Rights Act of 1964, as amended, including but not limited to, amendments authorized by the Civil Rights Act of 1991, 42 U.S.C. Section 2000 *et seq.* ("Title VII") by subjecting Virginia Rylance and Linda Gliotti to sexual harassment by a Wal-Mart manager which was sufficiently severe and pervasive to constitute a hostile, intimidating work environment. Further, the EEOC alleged that as a result of the hostile work environment Virginia Rylance was constructively discharged from her employment. Wal-Mart has denied the allegations raised in EEOC's Complaint.

2. Rather than adjudicate this matter fully, the Commission and Wal-Mart decided to

1

resolve this matter by means of a Consent Decree. On March 16, 2006, the parties in this case attended a second mediation and entered into a provisional agreement whereby the parties resolved all claims brought in this action subject to finalization of the Consent Decree containing the specific terms of the settlement.

3. Subsequent to the mediation the parties engaged in extensive settlement negotiations and careful consideration with respect to the terms to be contained in the Consent Decree and arrived at a mutually agreeable document which was filed with the Court on May 31, 2006. (Dkt. #58). This agreed upon Consent Decree was rejected by the Court on June 13, 2006, for the reasons stated in the Court's June 13, 2006 Order. (Dkt.#59).

4. On July 13, 2006, after having obtained permission from the Court, the parties re-submitted a revised Consent Decree for the Court's consideration and approval. The re-submitted Consent Decree was again rejected by the Court for the reasons stated in the Court's July 24, 2006 Order. (Dkt. # 63).

5. Thereafter, the parties again sought and obtained an extension from the Court within which to consider the Court's Order and re-submit a revised Consent Decree, (Dkt. #65).

6. The Commission and Wal-Mart have considered the Court's July 24, 2006 Order and hereby submit the instant motion and attached revised Consent Decree which the parties expect will have addressed and cured the issues raised by the Court in its Order which prompted the Court to reject the parties' prior submissions.

7. For all the foregoing reasons and the authority cited in the memorandum of law which follows, the parties respectfully request that this Honorable Court grant their Joint Motion For Approval of Consent Decree and execute the Consent Decree attached hereto as Exhibit 1.

## MEMORANDUM OF LAW

The Supreme Court has long endorsed the propriety of the use and entry of Consent Judgments. *E.g., Swift & Co. v. United States,* 276 U.S. 311, 325, 48 S.Ct. 311, 314-315, 72 L.E.d. 587 (1928); *Pope v. United States,* 323 U.S. 1, 12, 65 S.Ct. 15, 22, 89 L.Ed. 3 (1944); *United States v. Armour & Co.,* 402 U.S. 673, 91 S.Ct. 1752, 29 L.Ed. 2d 256 (1971); *Local Number 93, Int'l Ass'n of Firefighters v. City of Cleveland,* 478 U.S. 501, 519, 106 S.Ct. 3063, 92 L.Ed. 2d 405 (1986); *Rufo v. Inmates of Suffolk County Jail* 502 U.S. 367, 378, 112 S.Ct. 748, 115 L.Ed. 2d 867 (1992). The Supreme Court has also commented on the efficacy of a trial court retaining jurisdiction of a consent decree. In *Local 93 v. Cleveland,* the Court stated :

> [a] court that maintains continuing jurisdiction over a consent decree will have a more flexible repertoire of enforcement measures. And it is likely to be easier to channel litigation concerning the validity and implications of a consent decree into a single forum -the court that entered the decree- thus avoiding the waste of resources and the risk of inconsistent or conflicting obligations.

478 U.S. at 524 n. 13.

A consent decree is a form of injunction and also a type of contract. *See Reynolds v. Roberts,* 207 F.3d 1288, 1298, 1300 (11th Cir. 2000); *Citizens Concerned About Our Children v. School Bd.,* 193 F.3d 1285, 1292 (11th Cir. 1999). Although not a judgment entered after an adjudication on the merits of the plaintiff's claims, a consent decree results in a "fully enforceable federal judgment." *Stone v. City & County of San Francisco,* 986 F.2d 850, 861 n.20 (9th Cir. 1992)(internal citations and quotation marks omitted). The policy encouraging settlement requires that the terms of a consent judgment be "respected as fully as judgment entered after trial." *Gates v. Shinn,* 98 F.3d 463, 468 (9th Cir. 1996). Thus, a consent decree provides more than the injunctive relief that the parties,

themselves, have negotiated and agreed. *Id.* at 1001. As the Supreme Court has noted:

> because [the terms of consent decrees] are arrived at through mutual agreement of the parties, consent decrees...closely resemble contracts...they "have the attributes of both contracts and of judicial decrees'.

*Local Number 93, Int'l Ass'n of Firefighters v. City of Cleveland,* 478 U.S. at 519(citations omitted)(quoting *United States v. ITT Continental Banking Co.,* 420 U.S. 223, 235 n. 10, 95 S.Ct. 946, 431 L.Ed.2d 148 (1975)). A consent decree offers more security to the parties than a settlement agreement where the only penalty for failure to abide by the agreement is another suit. *SEC v. Randolph,* 736 F.2d 525, 528 (9th Cir. 1984). A consent decree is a judgment, has the force of res judicata and may be enforced by judicial sanctions and citations for contempt. *United States v. City of Miami*, 664 F.2d 435, 439-440 (5th Cir. 1981)(en banc). Further, the Eleventh Circuit has recognized that the proper procedure for seeking to enforce the injunctive relief in a consent decree is through contempt proceedings rather than through the institution of a new lawsuit *Fla. Ass'n for Retarded Citizens v. Bush,* 26 F.3d 1296, 1298 (11th Cir. 2001).

In enacting Title VII, Congress expressed a strong preference for encouraging voluntary settlement of employment discrimination claims**.** *Carson v. American Brands, Inc.* 450 U.S. 79, 88, n14, 67 L.Ed.2d 59, 101 S.Ct. 993 (1981). In the Eleventh Circuit, in approving a consent decree, a district court need only determine that the consent decree is not unlawful, unreasonable or inequitable. *United States v. City of Hialeah*, 140 F.3d 968, 973 (11th Cir. 1998). In *United States v. City of Alexandria,* 614 F.2d 1358 (5th Cir. 1980)*,* the appellate court reversed a trial court for refusing to enter a consent decree in a Title VII case, stating:

> a consent decree proposed by a private defendant and government agency in an employment discrimination case carries with it a presumption of validity that is overcome only if the decree contains provisions which are unreasonable, illegal,

4

unconstitutional, or against public policy.

*Id.* at 1362.

In determining whether a consent decree is fair, reasonable, and equitable, the Supreme Court has said that a trial court is not even "barred from entering a consent decree merely because the decree provides broader relief than the court could have awarded after a trial." *Local Number 93, Int'l Ass'n of Firefighters v. City of Cleveland,* 478 U.S. 501, 519, 106 S.Ct. 3063, 92 L.Ed. 2d 405 (1986)(district court's order entering a consent decree went beyond the type of relief provided by the civil rights statute under which suit had been brought upheld).

After careful consideration of the Court's July 24, 2006 Order, the parties have revised the Decree. The Decree addresses the considerations raised by the Court with respect to unenforceable "obey the law" injunctions. The terms of the Consent Decree are fair to all the parties involved. Both parties understand the agreed upon obligations, and the Decree will be of benefit both to the Defendant and the EEOC because it will help ensure that Defendant's workplace at issue in the lawsuit will be free from discrimination. Accordingly, the Commission and Wal-Mart respectfully request that this Court grant the instant motion and execute the parties Consent Decree attached as Exhibit 1.

Dated: August 23, 2006

Respectfully Submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DELNER FRANKLIN-THOMAS

5

Regional Attorney

 s/ Carla J. Von Greiff
CARLA J. VON GREIFF
Florida Bar No. 0110566
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
501 East Polk Street, Suite 1000
Tampa, Florida 33602
Tel. (813) 202-7903
Fax (813) 228-2045
Respectfully Submitted,

/s/Peter Reed Corbin [1]
PETER REED CORBIN
Ford & Harrison LLP
225 Water Street, Suite 710
Jacksonville, Fl 32202
Telephone: (904) 357-2002
Facsimile: (904) 357-2001

---

[1] Mr. Corbin has authorized Ms. Von Greiff to use his CM/ECF signature for the filing of this joint notice.